UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

BRIGID YOUNG                                                                                    PLAINTIFF


v.                                                                                    NO. 3:11-CV-00598-CRS


CABINET FOR HEALTH
& FAMILY SERVICES,
DEPARMENT OF
COMMUNITY BASED SERVICES, ET AL.                                                DEFENDANTS


**MEMORANDUM OPINION**

This case is before the Court on a motion for summary judgment filed by the defendants, Cabinet for Health & Family Services, Department of Community Based Services ("the Cabinet"), Michael Cheek, Brenda Clark, Glenda Newton-White, Erin McGohon, Deneka Stone, and Amanda Nichols (collectively "Defendants"), against the plaintiff, Brigid Young ("Plaintiff") (DN 21-1). For the reasons set forth below, the Court will grant the motion for summary judgment in part.

**BACKGROUND**

The following facts are undisputed. On August 7, 2008, Plaintiff's daughter Brittany Young ("Young") reported to the police that Plaintiff had physically assaulted her. On August 8, Officer Mary Imber of the Louisville Metro Police Department interviewed Plaintiff and Young and prepared a police report summarizing their respective versions of the events. Pursuant to KY. REV. STAT. 403.785(1), Officer Imber forwarded her report to the Cabinet for further

investigation. Upon receipt of the report, the Cabinet assigned social service worker Glenda Newton-White ("White") to investigate the case.

On August 11, White jointly interviewed Plaintiff and Young regarding the incident on August 7. During the interview, White observed bruising on Young's upper arms that was consistent with her allegations of abuse. (White Aff., DN 23-1, at 2). According to White, Plaintiff appeared "extremely agitated" throughout the interview and repeatedly threatened to strike Young if she did not recant her allegations of abuse. (White Aff. at 2). Based on these observations, White concluded that Young was afraid to remain at home with Plaintiff. (White Aff. at 2). Later that day, Young was removed from Plaintiff's custody and temporarily placed in a shelter home.

On August 19, the Cabinet convened a "facilitated staffing" meeting for the purpose of deciding who should be Young's permanent custodian. The staffing was attended by Plaintiff, Plaintiff's attorney, and Plaintiff's sister Mary Bishop ("Bishop"), all of whom agreed that Young should be evaluated by a therapist whose recommendation regarding Young's custodial placement would be binding. On August 20, Young met with Dr. Jill Monique ("Monique") of Seven Counties Acute Services, Inc. After their meeting, Monique recommended that Young should be placed with Bishop rather than return home to Plaintiff. Thus, on August 28, 2008, the Jefferson County Family Court ordered that Young be indefinitely placed in Bishop's custody in accordance with the parties' agreement.

Young stayed with Bishop until October 22, 2009, when Bishop moved to relinquish custody due to behavioral issues. Because none of Young's other relatives were willing to assume custody, the court entered an "Emergency Custody Order" temporarily awarding custody

to the Cabinet. Young remained in the Cabinet's custody until March 1, 2010, when she was released to live with a friend.

Although Plaintiff never directly asserted her right to custody under KY. REV. STAT. 620.110, she timely appealed the Cabinet's determination of abuse and neglect pursuant to 922 KY. ADMIN. REGS. 1:480. On August 25, 2010, the Cabinet reversed its initial determination of abuse and neglect, finding that there was an inadequate basis to substantiate Young's allegations of abuse. Nevertheless, the Cabinet's ruling did not affect Plaintiff's right to custody because Young had already been emancipated by the time the decision was issued.

While Plaintiff was awaiting the outcome of her appeal, she consulted several attorneys about how to proceed in pursuing a claim against the Defendants. According to Plaintiff, these attorneys advised her to wait until the final resolution of her appeal before taking any action against the Defendants because "the decision on appeal was required in order to prove CHFS's negligence." (Resp. to Def.'s Mot. for Summ. J., DN 30-1, at 2). In accordance with this advice, Plaintiff did not file a claim against the Defendants until after the appeals process was complete. However, on May 25, 2010, Plaintiff gave the Defendants notice of her intent to pursue legal action by mailing a "Pro Se Letter of Intent to Sue" to Kentucky's Attorney General Jack Conway and the individually-named Defendants.

On May 23, 2011, Plaintiff filed the present action in Jefferson County Circuit Court. In addition to asserting violations of her Fourteenth Amendment rights to procedural and substantive due process, Plaintiff's Amended Complaint alleges the following state-law claims against the Defendants:

1. Negligent investigation
2. Negligent hiring
3. Intentional infliction of emotional distress
4. Negligent infliction of emotional distress

5. *Respondeat superior*
            6. Malicious prosecution
            7. Abuse of process
            8. Violation of Section 2 of the Kentucky Constitution

(Am. Compl., DN 1-2, at ¶¶ 32–53). On October 26, 2011, the Defendants removed the case to this Court on the basis of federal question jurisdiction. (Notice of Removal, DN 1, at 1–2). On December 10, 2012, the Defendants filed the present motion for summary judgment. Having considered the parties' briefs and being otherwise sufficiently advised, the Court will now address the Defendants' motion for summary judgment.

## STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact" such that "the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the movant seeks summary judgment on an issue with respect to which it does not bear the burden of persuasion, the movant's burden may be discharged by either 1) demonstrating that there is an absence of evidentiary support for an essential element of the nonmoving party's case; or 2) submitting affirmative evidence that negates an essential element of the nonmoving party's case. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 331 (1986) (Brennan, J., dissenting). Once the movant discharges its burden, the burden passes to the nonmoving party to establish the existence of a disputed factual element that is essential to its case. *Id.* If the record taken as a whole is insufficient for a reasonable trier of fact to find for the nonmoving party, the motion for summary judgment must be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

## DISCUSSION

Because Plaintiff's state-law claims are pendent to her federal constitutional claims, the Court will begin by addressing whether summary judgment is appropriate with respect to her

federal claims. For the reasons that follow, the Court will grant the Defendants' motion for summary judgment on Plaintiff's federal claims and will remand the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

**I.     Plaintiff's Federal Claims**

Plaintiff alleges that the Defendants violated her federal constitutional rights to procedural and substantive due process by "arbitrarily and unreasonably denying" her the "care, custody, and control of her child…" (Am. Compl., DN 1-2, at ¶¶ 51, 53). The Defendants argue that summary judgment is proper because these claims are time-barred by the applicable statute of limitations. While Plaintiff does not dispute that the limitations period had expired by the time she filed this action, she argues that the equitable tolling doctrine should be applied to save her claims from being time-barred. For the reasons that follow, the Court concludes that Plaintiff has failed to justify application of the equitable tolling doctrine, and that Plaintiff's federal claims are therefore time-barred by the applicable statute of limitations.

**a.  Plaintiff's Federal Constitutional Claims are Time-barred**

On its face, Plaintiff's Amended Complaint alleges that her federal claims arise directly under the Constitution. *See* (Am. Compl. at ¶¶ 51, 53). However, because 42 U.S.C. § 1983 provides the exclusive remedy for constitutional claims brought against state and local governments, *Thomas v. Shipka*, 818 F.2d 496, 503–04 (6th Cir. 1987), *vacated on other grounds*, 488 U.S. 1036 (1989), these claims are subject to dismissal unless they are construed as arising under Section 1983. Although Plaintiff's Amended Complaint never explicitly mentions Section 1983, it closely tracks the language of the statute. *Compare* (Am. Compl. at ¶¶ 51, 53) *with* 42 U.S.C. § 1983. Thus, rather than dismissing them for failure to state a claim, the Court

will construe Plaintiff's federal claims as being brought pursuant to Section 1983. *Paulman v. Kentucky*, No. 1:11–CV–96–M, 2012 WL 122593, at *2 (W.D. Ky. Jan. 17, 2012).

Because Section 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *See Wilson v. Garcia,* 471 U.S. 261, 275–80 (1985). Thus, in Kentucky, Section 1983 actions are subject to the one-year statute of limitations set forth in KY. REV. STAT. § 413.140(1)(a). *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). "[T]he statute of limitations begins to run when the plaintiff knows or has reason to know of the injury which is the basis of his action…" *Id.* at 183 (quoting *McCune v. City of Grand Rapids*, 842 F.2d 903, 905 (6th Cir. 1988)). Here, Plaintiff had reason to know of her injury when Young was first removed from her custody on August 11, 2008. Because she did not file this action until May 23, 2011, Plaintiff's federal claims are time-barred and summary judgment is therefore appropriate unless Plaintiff can justify application of the equitable tolling doctrine.

**b. The Equitable Tolling Doctrine Does Not Apply**

Plaintiff argues that the equitable tolling doctrine should excuse her failure to file within the limitations period because "the facts… establish that Plaintiff has been pursuing her rights diligently" and that her failure to file within the limitations period was due to "circumstances… beyond her control…" (Resp. to Def.'s Mot. for Summ. J., DN 30-1, at 4). However, because Plaintiff has failed to establish a factual basis for this argument, the Court concludes that the equitable tolling doctrine does not apply and that summary judgment is therefore appropriate with respect to Plaintiff's federal claims.

When determining whether to apply the equitable tolling doctrine, the Sixth Circuit considers the following factors: "(1) the petitioner's lack of [actual] notice of the filing

6

requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Kellum v. Comm'r of Soc. Sec.*, 295 F. App'x 47, 49 (6th Cir. 2008) (quoting *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 437 (6th Cir.2007)). Of these factors, Plaintiff relies solely on 1) her diligence in pursuing her rights; and 2) the absence of prejudice to the Defendants.

Plaintiff argues that she diligently pursued her rights by 1) timely appealing the Cabinet's determination of abuse and neglect; 2) mailing the Defendants a "Pro Se Letter of Intent to File Suit"; and 3) consulting several attorneys about how to proceed in pursuing a claim against the Defendants. Despite her diligence, Plaintiff claims that she was unable to adequately protect her rights due to "matters outside of her control," primarily the fact that the attorneys she consulted mistakenly advised her not to file a claim against the Defendants until resolution of her appeal. Without more, these facts are insufficient to demonstrate that Plaintiff diligently pursued her rights. First, because "ignorance of the law… is not sufficient to warrant equitable tolling," *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000), the fact that Plaintiff may have been misadvised by the attorneys she consulted does not excuse her failure to file this action within the limitations period. Second, while Plaintiff's appeal of the Cabinet's determination of abuse and neglect certainly demonstrates that she diligently pursued her right to contest that determination, it is irrelevant to the question of whether she diligently pursued the right to damages that she has asserted in this case. Finally, Plaintiff's mailing of a "Pro Se Letter of Intent to File Suit" establishes only that she diligently made the Defendants aware of her intent to take legal action, not that she was diligent in pursuing her right to damages

7

itself. For these reasons, Plaintiff has failed to demonstrate that she diligently pursued her rights to the extent required by the equitable tolling doctrine.

Plaintiff next argues that the "Defendants will suffer no prejudice for lack of notice or undue delay" because "Plaintiff's Letter of Intent to Sue put defendants on notice of Plaintiff's cause of action…" (Resp. to Def.'s Mot. for Summ. J., DN 30-1, at 4). However, because "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified," *Jurado v. Burt*, 337 F.3d 638, 644 (6th Cir. 2003), any lack of prejudice to the Defendants is irrelevant at this stage of the equitable tolling analysis.

Because none of the relevant factors weigh in favor of tolling, Plaintiff has failed to justify application of the equitable tolling doctrine. Thus, the Court will grant the Defendants' motion for summary judgment on Plaintiff's time-barred federal claims.

## II. Plaintiff's State-law Claims

Having decided that summary judgment is appropriate with respect to Plaintiff's federal claims, the question now becomes whether this Court should continue to exercise jurisdiction over Plaintiff's pendent state-law claims. "A district court may decline to exercise supplemental jurisdiction over state law claims if the district court has dismissed all claims over which it has original jurisdiction." *Davis v. Fentress Cnty. Tenn.*, 6 F.Appx. 243, 251 (6th Cir. 2001) (citing 28 U.S.C. § 1367(c)(3)). As a general rule, "if the federal claims are dismissed before trial ... the state claims should be dismissed as well." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir.1993). However, in cases that have been removed to federal court, "the best course is to remand the state law claims to the state court from which the case was removed." *Thurman v. Daimler Chrysler, Inc.*, 397 F.3d 352, 359 (6th Cir. 2004). Thus, because this case was

removed from Jefferson County Circuit Court, the Court will remand Plaintiff's state-law claims rather than dismissing them.

A separate order will be entered in accordance with this opinion.